IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

FILED
FEB - 3 2012
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____ DEPUTY

| | |
|---|---|
| ROBERT PARK ARBUCKLE, | ) |
| Plaintiff, | ) |
| vs. | ) No. CIV-11-976-W |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## ORDER

On January 6, 2012, United States Magistrate Judge Gary M. Purcell issued a Report and Recommendation in this matter, and he recommended that the Motion for Default filed by plaintiff Robert Park Arbuckle be denied since Arbuckle had failed to properly serve the defendant, United States of America. Arbuckle, who is proceeding pro se, was advised of his right to object, and the matter now comes before the Court on Arbuckle's letter addressed to the Clerk of the Court, see Doc. 18, which the Court has construed as an objection to the Report and Recommendation.

Arbuckle filed this action on August 31, 2011, it appears, under the Federal Tort Claims Act, 29 U.S.C. §§ 1346, 2671-2680, for damages he allegedly sustained in August 2008 at Federal Correctional Institution, El Reno, Oklahoma ("FCI El Reno").

On October 18, 2011, the Clerk of the Court received a Pro Se Litigant's Request for Issuance of Summons, wherein Arbuckle had requested that summons be issued to "Warden, El Reno FCI." See Doc. 9.[1] The Clerk issued summons the next day, October 19, 2011, see Doc. 10, and the summons was delivered to the United States Marshal for

---

[1] Because Arbuckle is proceeding in forma pauperis, the Court is required to issue and serve all process for him.

service. On November 10, 2011, the United States Marshal filed the Process Receipt and Return, indicating that the "Warden at FCI El Reno was served on 10-21-11." See Doc. 11.

On January 5, 2012, Arbuckle moved for default judgment against the United States on the grounds that the "[d]efendant was served with summons on October 21, 2011 and has failed to respond within the 60 days provided." Doc. 15 at 1.

Rule 4(i), F.R.Civ.P., to which Magistrate Judge Purcell has referred in his Report and Recommendation, provides the method and manner of serving the United States, its agencies, corporations, officers and employees. Pursuant to this rule, Arbuckle was required to serve the Warden at FCI El Reno, the Attorney General of the United States and the United States Attorney for the Western District of Oklahoma--the judicial district in which this case was brought.

Although Arbuckle has contended in his objection that he submitted all necessary papers to serve the Attorney General of the United States and the United States Attorney, there is no indication in the record that such papers have been received by the Clerk of the Court or that these two individuals have been served.[2] The Court therefore concurs with Magistrate Judge Purcell's finding that because Arbuckle has not properly served the United States in accordance with Rule 4(i), supra, Arbuckle is not entitled to judgment by default. E.g., Hutto v. United States Gov., 2010 WL 2854685 (N.D. Okla. 2010)(until served properly, United States is under no obligation to answer).

---

[2]Attached to Arbuckle's Motion for Judgment by Default is a illegible Process Receipt and Return (Form USM-285). The Court is unable to ascertain whether this document relates to service on the Warden at FCI El Reno, on the Attorney General of the United States or on the United States Attorney.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 16] issued on January 6, 2012;

(2) DENIES Arbuckle's Motion for Judgment by Default [Doc. 15] file-stamped January 5, 2012; and

(3) RE-REFERS this matter to Magistrate Judge Purcell for further proceedings.

ENTERED this 3rd day of February, 2012.

LEE R. WEST
UNITED STATES DISTRICT JUDGE