IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT PARK ARBUCKLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-11-976-W |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner appearing *pro se* and *in forma pauperis*, brings this action seeking damages from Defendant United States of America ("USA") for alleged injuries incurred at the Federal Correctional Institution, El Reno, Oklahoma ("FCI El Reno"). The matter was referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

Defendant USA previously moved to dismiss Plaintiff's action on the ground that the Court lacks subject matter jurisdiction over the issues asserted in the Complaint. (Doc. # 30). Plaintiff responded to the Motion to Dismiss, and in a Supplemental Report and Recommendation (Doc. # 41) the undersigned found that, although Plaintiff does not allege in the Complaint a specific statutory basis for his action, he apparently is seeking damages under the Federal Tort Claims Act ("FTCA") based on his allegations that he had exhausted his administrative remedies and was "now filing suit." See Complaint, at 2.

1

As set forth in the Supplemental Report and Recommendation (Doc. # 41),

> Plaintiff alleges that in August 2008, he was hired to work at FCI El Reno's prison dairy as an "assistant clerk." <u>See</u> Complaint at 2, ¶ 6.  Plaintiff alleges that on August 19, 2008, the prison dairy supervisor told him "to leave the dairy and find another job." <u>See id.</u>, ¶ 7.  Plaintiff further alleges that the next day, August 20, 2008, he was "called back to the dairy and told to go out and herd cattle." <u>Id.</u>, ¶ 8.  Plaintiff alleges he was not provided instruction, training, or warnings. <u>Id.</u>  Plaintiff alleges that one day later, on August 21, 2008, he was "attacked and struck by a large bull while herding." <u>Id.</u>, ¶ 9.  Plaintiff suffered injuries as a result of the attack. <u>Id.</u>, ¶ 12.

Plaintiff seeks damages in the amount of $1,500,000.00 from Defendant USA.   Defendant USA asserted in its previous Motion to Dismiss that the Court lacks subject matter jurisdiction over the action because Plaintiff's injuries were work-related and, therefore, his exclusive remedy arises under the Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126(c).[1]

In response to Defendant USA's previous Motion to Dismiss, Plaintiff contended that the IACA does not bar his FTCA claims because his injuries were not work-related.  As support for this argument, Plaintiff relied on an opinion dated April 12, 2012, by the Institution Safety Committee which concluded that Plaintiff's injuries were not related to his work assignment. Plaintiff's Response (Doc. # 32), Ex. 2.   In reply to this responsive pleading, Defendant USA submitted as evidence supporting the Defendant's position a copy

---

[1]The IACA provides compensation to federal prisoners "for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c)(4).

of a Position Description reflecting that Plaintiff's job assignment as a clerk for the dairy detail at FCI El Reno included the broad statement that he "[m]ay be required to perform other duties as assignment by Dairy Supervisor" although the majority of his duties were clerical in nature. Reply (Doc. # 35), Ex. 1. The undersigned recommended that Defendant's Motion to Dismiss on the ground of lack of subject matter jurisdiction be denied without prejudice to reurging the issue in future dispositive motions.[2] See Supplemental Report and Recommendation (Doc. # 41), at 7. United States District Judge West adopted the Supplemental Report and Recommendation and denied without prejudice Defendant USA's Motion to Dismiss the action. District Judge West also re-referred the matter to the undersigned for further proceedings. See Order (Doc. # 48).

In a second Motion to Dismiss for Lack of Subject Matter Jurisdiction, Defendant USA now asserts again that the cause of action should be dismissed.

Defendant first asserts that the Court lacks jurisdiction over the action because Plaintiff has failed to allege sufficient facts to show he is seeking relief under the FTCA. Defendant USA points out that although the undersigned has interpreted the action as one brought under the FTCA and Plaintiff has asserted jurisdiction under the FTCA in previous pleadings Plaintiff has sought damages for intentional acts. As Defendant points out, Plaintiff has inconsistently alleged in a responsive pleading that his "injuries were the direct

---

[2]The undersigned also refused to consider Defendant USA's argument posited for the first time in its Reply that the Plaintiff failed to state a claim for relief under the FTCA because Plaintiff alleged only retaliatory and intentional actions by prison dairy guards.

result of an intentional tort." <u>See</u> Plaintiff's Response (Doc. # 32), at 1. Because the FTCA confers jurisdiction only over claims based on a federal government employee's negligent acts, <u>see</u> 28 U.S.C. §§ 1346(b)(1) and 2679(b)(1), Defendant asserts that the Plaintiff's allegations are insufficient to establish the requisite subject matter jurisdiction under the FTCA.

In light of Plaintiff's *pro se* status, which requires the Court to generously construe the allegations in his Complaint, <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), and in light of Plaintiff's allegations in his Complaint that he had exhausted administrative remedies for a tort claim and is now bringing suit against the USA, the Complaint is liberally construed as asserting a tort claim against Defendant USA under the FTCA.  <u>See</u> <u>Benavidez v. United States</u>, 177 F.3d 927, 931 (10th Cir. 1999)("To determine the nature of an asserted claim, we focus not on the label the plaintiff uses, but on the conduct upon which he premises his claim as supported by the record.").

Defendant alternatively seeks dismissal of the action on the ground that the Court lacks subject matter jurisdiction because Plaintiff's injuries were the result of a work-related accident.  Because Plaintiff is eligible to apply for compensation under the IACA, Defendant contends the IACA provides the exclusive remedy for Plaintiff's claims and the cause of action under the FTCA should be dismissed.

Plaintiff maintains that his injuries are not work-related because he was not assigned to be a cattle herder and he had been discharged from his job as an assistant dairy clerk.  He contends that he was herding cows at the time of his injuries only because "prison dairy

4

guards in an act of retaliation called him back to the dairy (after he had been fired and told not to return) and he was given a direct order to go out and herd cattle under threat of being placed in the 'hole' if he did not." Plaintiff's Response (Doc. # 59), at 3.

An inmate injury report reflects that Plaintiff's injury occurred on August 21, 2008, while he was assigned to the FCI El Reno's dairy unit and during his regularly-scheduled working hours. Defendant's Motion to Dismiss and Brief in Support, Ex. 1, att. 3. In his statement that appears on this form, Plaintiff stated only that "I was hit by a bull. I would advice [sic] inmates that there were bulls out there before sending them out." Id.

In an initial review of the incident FCI El Reno's Institution Safety Committee determined that there was insufficient evidence to support a determination that Plaintiff's injuries were work-related. Id. However, FCI El Reno's Safety Manager noted on the form that he was recommending the case be further reviewed to determine Plaintiff's status with respect to his injuries. Id. In a subsequent review of the incident the Institution Safety Committee found on May 16, 2012, that "[a]lthough Inmate Arbuckle failed to follow instructions provided [to him] the committee has made a determination based upon the information provided that this was a work related injury. This conclusion was reached after further review." Id., Ex. 1, att. 4.

A "work-related injury" for purposes of the IACA is defined as "any injury, including occupational disease or illness, proximately caused by the actual performance of the inmate's work assignment." 28 C.F.R. § 301.102. Pursuant to 28 C.F.R. § 301.202, after receiving notice of a possible work-related injury, the Institution Safety Committee "make[s] a

determination of the injury's work-relatedness based on the available evidence and testimony," and a copy of its decision is delivered to the inmate.

The Supreme Court determined in United States v. Demko, 385 U.S. 149 (1966), that the IACA is sufficiently comprehensive to provide the exclusive remedy for federal prisoners who are injured in connection with prison work assignments.  See Smith v. United States, 561 F.3d 1090, 1099 (10th Cir. 2009)(holding IACA is exclusive remedy for injuries suffered by federal prisoners while performing assigned prison work assignments and precludes tort claims against the United States under the FTCA).  Pursuant to 28 C.F.R. § 301.319, "[i]nmates who are subject to the provision of these Inmate Accident Compensation regulations are barred from recovery under the Federal Tort Claims Act. . . ."

Although Plaintiff complains in his responsive pleading that he was officially assigned to work as a clerk, not a herder, Plaintiff has conceded that at the time of his injuries he was herding cattle under a direct order of a prison guard in the dairy unit, where he was assigned to work.  The job description for his assigned position was expansive enough to cover other duties as required by the officials operating the prison's dairy unit.  Defendant's Motion to Dismiss and Brief in Support, Ex. 1, att. 2.  The Institution Safety Committee's finding that Plaintiff's injuries were work-related is also persuasive. [3]

Because Plaintiff seeks damages from Defendant USA for injuries received during his

---

[3]Plaintiff argues that the Institution Safety Committee's finding was delayed, but Plaintiff provides no legal authority for any argument that any administrative delay should be considered in connection with the pertinent legal and factual issues before the Court.

assigned prison job at FCI El Reno, Plaintiff's exclusive remedy is the IACA, and he is barred from seeking relief from Defendant under the FTCA.

Under the pertinent regulations governing an IACA claim, "[n]o more than 45 days prior to the date of the inmate's release, but no less than 15 days prior to this date, each inmate who feels that a residual physical impairment exists as a result of an industrial, institution, or other work-related injury shall submit a FPI Form 43, Inmate Claim for Compensation on Account of Work Injury." 28 C.F.R. § 301.303. Plaintiff is not scheduled for release from federal prison until May 9, 2012. Defendant's Motion to Dismiss and Brief in Support, Ex. 2, at 2. Thus, he still has a remedy available to him under the IACA for his work-related injuries. Consequently, Defendant USA's Motion to Dismiss should be granted.

<u>RECOMMENDATION</u>

Based on the foregoing findings, it is recommended that Defendant USA's Motion to Dismiss (Doc. # 54) be GRANTED and the cause of action dismissed pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. The parties are advised of their respective right to file an objection to this Second Supplemental Report and Recommendation with the Clerk of this Court by ____December 5th____, 2012, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72. The failure to timely object to this Second Supplemental Report and Recommendation would waive appellate review of the recommended ruling. <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991); <u>cf. Marshall v.</u>

Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

      This Second Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

      ENTERED this   15th   day of    November  , 2012.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE